JAMES K. SHAW, APPELLANT, vs. WILLIAM NEWMAN, RESPONDENT.

1. Where the question is purely as to the credibility of one of two witnesses, the verdict of the jury should not be set aside.

2. A person who caused himself to be registered as Robert Daniels is known and called Robert Stevens. He is selected, summoned and sworn as a juror under the name of Robert Stevens: *Held*, That this difference in the name by which the party was registered and the name under which he was summoned and sworn, is not sufficient cause to set aside the verdict, where it appears that he was the identical person registered and the person as to whom the County Commissioners exercised their discretion in selecting jurors for the term. The issues being tried by a person possessing all the legal qualifications to try such issues, neither party can object to this difference in the name.

This is an appeal from the Second Judicial Circuit, Gadsden county.

The facts, so far as they are considered by the court, are stated in the opinion.

*Davidson & Love* for Appellant.

*Stephens & Love* for Respondent.

Shaw v. Newman.

WESTCOTT, J., delivered the opinion of the court.

The testimony on the trial is not embraced in a bill of exceptions, according to the requirements of the practice antecedent to the Code, nor does the record contain a case or exceptions enabling us to review conclusions of fact by the jury, in conformity to the requirements of the Code. We cannot, therefore, review any action of the court based upon a consideration of the entire testimony. The exception of the defendant to the order of the court overruling his motion for a new trial, is therefore not before this court, in so far as it involves a consideration of the testimony taken upon the trial. We would remark, however, that if the evidence upon the trial was as we find it in the record, it would not authorize us to reverse the action of the court in this respect. The conflicts are direct between one material witness for the plaintiff and one for the defendant. To determine upon the credibility of the witnesses is the function of the jury. Where the question is purely one of credibility, the verdict should stand. The only question made upon the motion to set aside the verdict which is brought to our attention, is the question raised with reference to the competency of one of the jurors of the jury which determined the issues in this case. In reference to that question, there is an exception certified by the Judge, which sets forth the facts with such certainty and in such manner as presents a question of law and enables us to review the action of the Circuit Court in that respect. The objection is, that while one of the jurors was registered on the list of voters as Robert Daniels, yet he was selected, summoned and sworn as Robert Stevens. From the facts set forth in the exception as authenticated by the Judge, it is apparent that the person who discharged the function of a juror possessed all the qualifications required by law to render him competent. It is plain that he was a registered voter, that he was a person as to whom the County Commissioners had exercised their

discretion and judgment in making selections of jurors, and that he was duly summoned, returned and sworn. A difference in name amounts to nothing for this purpose, unless there is a difference in the identity of the person. It is not pretended that the County Commissioners and other officers, in using the name Stevens, did not mean the identical person who had registered as Daniels. This juror, when he registered, determined his name to be Robert Daniels. The inhabitants of the vicinage, as well as the officers whose duty it is to select returned jurors, call him by another name, and under that other name he discharges the duty of a juror. The issue in this case was tried, so far as this juror is concerned, by a person possessing all the legal qualifications to determine such issues. This, we think, is all the defendant can ask.

The judgment is affirmed.