23 335
35 107
85 284
38 347

23 335
L51 520

JOHN M. REDDICK, APPELLANT, VS. ROBERT J. MICKLER, APPELLEE.

1. Partial failure of consideration is not a good plea to an action on a promissory note given for the purchase of lands, where the failure consists in the parcel or plot of land falling short of the quantity described in the deed.

2. Where the plaintiff might seem to be entitled to judgment against bad pleas, but took issue on the same instead of demurring, and the pleas are vague and uncertain, so that there is doubt as to

their real meaning, this court will not decide for plaintiff upon them until the defendant has had an opportunity to amend.

3. A plea of failure of. consideration sworn to, throws the *onus* on plaintiff, and that is not met without other proof than the note itself; and a demurrer by defendant to evidence in such a case where there is no other proof should be sustained.

Appeal from the Circuit Court for Hernando county.

The facts in the case are stated in the opinion.

*A. L. Landis, Jr.*, for Appellant.

*A. Paterson* for Appellee.

[The opinion in this case was delivered by Chief Justice Maxwell, as were the opinions hereinafter reported and attributed to the Chief Justice; those hereinbefore reported and so attributed, were delivered by Chief Justice Mc-Whorter, who resigned July 1, 1887, on which day Chief Justice Maxwell was commissioned and took his seat.—REPORTER.]

THE CHIEF-JUSTICE delivered the opinion of the court:

Robert J. Mickler brought suit against John M. Reddick on a promissory note for $300 given by the latter to the former. The defendant pleaded: 1st, That the note was given for part of the purchase money for certain lands which he describes, for which plaintiff gave him a deed, but that the consideration for the note has failed because plaintiff has not put him in possession of said lands; 2d, That the plaintiff offers him a tract of land differently situated from that described in the deed, with different metes and bounds and of less area; 3d, That the frontage of the lot sold by plaintiff to defendant and described in the deed, is considerably more than the frontage of that

offered by plaintiff, and on account of the diminished front-
age the lot offered is of far less value than that described ;
4th, That he has already paid plaintiff $300, which is as
much as the lot offered is reasonably worth ; 5th, That the
tract of land offered him is not the tract pointed out to
him by plaintiff at the time of sale, but is a far less valu-
able tract. These pleas were sworn to and the plaintiff
joined issue on them.

On the trial of the case the plaintiff put in evidence the
note and rested his case. The defendant demurred to the
evidence, but the court overruled the demurrer and gave
judgment for the plaintiff, from which action of the court
the defendant has brought this appeal.

It seems that the case was tried upon the issues made as
if the pleas presented facts constituting a failure of con-
sideration. There is much vagueness and uncertainty in
the pleas and no light given as to the character of the
covenants in the deed, if any, and whether the two tracts
of land are entirely different or the difference is only that
the tract is smaller than the description of the deed calls
for, does not appear with sufficient clearness. Further, the
pleas, except the first, leave it uncertain whether they are
designed to allege total or partial failure of consideration.
But if they are to be taken as pleas setting up failure of
consideration because the defendant gets less land than the
deed gives him, does this under our law meet the demands
of such a plea ? The law does not sustain that plea as a
good one to an action on a promissory note given for the
purchase of land, even if it be for failure of title. See
Long vs. Allen, 2 Fla., 409, citing 1 Greenleaf, p. 352 ; 2
Wheat., p. 13, and adding on the authority of 2 Kent,
473, that " if there be no ingredient of fraud in the case,
and the party has not had the precaution to secure himself

by covenants, he has no remedy for his money even on a failure of title," much less, it appears to us, would the plea be a good one in the case where the complaint is, that the land is of less area than that described in the deed. See also Randall vs. Bourguardez, 23 Fla., and reported page 310, vol. 2, Southern Reporter.

It would follow from this that the plaintiff would be entitled to his judgment on the note notwithstanding the pleas, if they had been properly met, unless there is something more intended by them than is disclosed through their vague and defective allegations.

As the plaintiff did not demur he may have seen in them something not apparent to us. We think, therefore, that the defendant should have an opportunity to amend his pleas, if he can do so in a way to relieve his defence from the ban of the law to which we have referred.

If we regard the pleas as they were regarded in the court below, as being sufficient pleas of failure of consideration, the judgment given on the demurrer to evidence was erroneous. The demurrer should have been sustained. By our statutes the consideration of a note need not be proven unless a plea denying it be filed and sworn to. If such a plea is filed the *onus* of proving the consideration is on the plaintiff. McClellan's Digest, pp. 832, 833; White vs. Camp., 1 Fla., 94; Prescott vs. Johnson, 8 Fla., 391. The note itself, after the filing the pleas, was no evidence of the consideration, and plaintiff introduced no other evidence. It is plain that he failed to make a case against the defendant. It was decided by this court at the January term, 1887, in the case of the Hanover Fire Insurance Co. vs. B. C. Lewis & Sons, that in reversing a case where a demurrer to evidence in the court below was overruled, and it was apparent from the record that the plaintiff had not on the

trial below disclosed his whole case, that this court would award a *venirede novo.*

The judgment of the Circuit Court is reversed, and the case remanded for proceedings in accordance with this opinion.