N. F. SMITH, APPELLANT, vs. IDA L. LEVESQUE, AND J. C. ANDERSON, AS SHERIFF AND EX-OFFICIO ADMINISTRATOR OF THE ESTATE OF A. D. LEVESQUE, DECEASED, APPELLEES.

1. A plea of failure of consideration sworn to, throws the onus on plaintiff, and that is not met without other proof than the note itself.

2. When a party sells another a tract of land and represents to the buyer, who had never seen the land, that there was at the time a certain number of orange trees, pineapple plants, &c., on the same, and it being agreed by the seller that if the number of trees, &c., were not on the land as he represented them to be, he was to allow the buyer a "draw-back" for the deficiency, and it turns out that there is a large deficiency in the number of trees, plants. &c., the seller is responsible to the purchaser for such deficiency.

Appeal trom the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*Beggs and Palmer* for Appellant.

*W. R. Anno* for Appellees.

MITCHELL, J.: The appellee, Ida L. LeVesque, as sole heir at law of Alfred D. LeVesque, and J. C. Anderson, as Sheriff and *ex-officio* administrator of the estate of Alfred D. LeVesque, deceased, brought suit in attachment against appellant, a non-resident, the basis of the suit being a promissory note given by appellant to said Alfred D. LeVesque.

Appellant pleaded failure of consideration ; the cause was tried, and the jury found for appellees, and assessed their damages at the full amount of the note, including interest.

Motion for new trial was made, which was overruled, and the defendant appealed.

A. D. LeVesque, through his agent, one Renaker, sold the appellant an undivided one-half interest in a tract of land in Orange county. The appellant at the time of the sale was a resident of the State of Kentucky, and, as shown by the testimony, had never seen the land he bought of LeVesque, but it was represented to him by Renaker, as agent for LeVesque, that there was an orange grove on the land at the time, containing over nine hundred fine orange

trees, some of them bearing fruit; five thousand nursery trees, some of them large enough to set out, and innumerable seedling trees; two thousand fine, thrifty pineapple plants, some of them bearing in the winter of 1°83, and many of which would bear in the winter of 1884, if well protected from frost; one horse, worth $175; one buggy, worth $75; buggy harness, and all tools necessary to run the grove.

The trade was clesed upon the representations of LeVesque's agent, as to the number and condition of the orange trees in the grove, the nursery, the seedling trees, the pineapple plants, and the horse and tools on the place, upon condition that if the property did not come up to the representations so made, the appellant was to have a "drawback" for the deficiency.

The consideration to be paid by the appellant for the land, &c., was $2,000. Six hundred dollars to be paid down, and which was paid, and for the residue of the purchase money the appellant gave his two promissory notes, each for the sum of $700, dated September 29th, 1883, the first due at six months, and which was paid at maturity, and the other, the basis of this suit, due at twelve months.

The failure of consideration pleaded by the appellant was, that the number of orange trees set out in grove, the number of trees in nursery, the seedling trees, and the pineapple plants, both as to number and condition, fall far short of what LeVesque represented them to be, and also that the horse and buggy fell short of what he represented them to be worth.

The plea of failure of consideration being filed under oath, the *onus probandi* was thrown on the plaintiff in the case, but after offering the note in evidence, he rested, and as the case then stood, the defendant was entitled to a judgment. McClellan's Dig., 832, 833; White vs. Camp, 2 Fla.,

JUNE TERM, 1889.						467

Smith vs. LeVesque and Anderson—Opinion of Court.

94; Prescott vs. Johnson, 8 Fla., 392; Reddick vs. Mickler, 23 Fla., 335.

But instead of relying on the case as made by the plaintiff, the defendant introduced evidence to sustain his plea, which evidence tends to show—and it is not contradicted or explained by the plaintiff—that the orange trees in grove were valued at $2.00 each; the nursery trees at twenty-five cents each, and seedling trees at five cents each, and the pineapple plants at twenty-five cents each; that there were only 1,036 trees in nursery; that there were only 1,150 pineapple plants, and only 776 trees in grove form; and that the horse sold to the defendant by the plaintiff was only worth $100, instead of $175, and that the buggy was only worth $20.

Rena er, the agent for LeVesque, in his testimony says: "Now the real deficiency was 4,904 nursery trees of the kind sold, and 850 pine apple plants and 124 grove trees. The countless number in seed bed dwindled down to less than 1,000. LeVesque had driven the horse to Tampa, and had starved him to almost helpless poverty, and $75 would have been a good price for him, so that the real and true deficiency made by LeVesque was $1,826.50, according to his estimate made on what he sold. * * In letters filed, wherein LeVesque says the 'lake border is lined with bananas,' there never were but four, and two guava bushes, and they were of a very inferior quality." Now this witness and agent seems to know all about this whole transaction, and if he is to be believed, and there is nothing to show why he should not be believed, the six hundred dollars paid down for the place, and the seven hundred dollars, the amount of the first note, and which was paid, more than paid LeVesque for his place and everything on it; and there being no conflict in the evidence, and the verdict of the jury being against the evidence, the court erred in overruling the motion for a new trial.

30

The case at bar differs from that of Williams vs. McFadden, (23 Fla., 143,) in this: The latter was an action on the case against the defendant for deceit, in representing to the plaintiff the quality of the land he sold him, and as to what the land would produce, &c., and the court say: "The cause of action thus set forth must be treated as an action on the case for deceit, founded on false affirmations respecting real estate of which the defendant was the seller. The affirmations here set forth as between buyer and seller, it has been repeatedly decided, will not support an action, although the defendant knew them to be false, was made. They concern the value of the land or its condition and adaptation to particular uses, which are only matters of opinion and estimate as to which men may differ. To such representations the maxim *caveat emptor* applies. The buyer is not excused from an examination, unless he is fraudulently induced to forbear inquiries which he would otherwise have made." In the case at bar the seller did not represent that it was his opinion that there were so many orange trees in grove on the place sold the defendant, or the number of trees in nursery, or the number of seedling trees, or the number of pine apple plants, but he stated it as a fact that there were so many of each, which statement turned out not to be true, and, if under the circumstances, the buyer could have maintained action on the case for deceit against the seller, he was certainly entitled to make the defence to the action he did make, and having proved the false representations of the seller as to facts stated by him, and that the shortage in the trees sold by him to the defendant, exceeded in value the amount of the note sued upon, the verdict of the jury should have been in favor of the defendant.

By reference to copies of letters filed in the case, and by reference to a certain written statement attached to the note sued upon, it will be seen that the buyer, who was at the

time in Kentucky, refused to buy the land of LeVesque unless the number and condition of the trees and plants on the land were specifically stated, and that the trade was not made until LeVesque stated exactly the number and condition of the trees, &c., as the defendant required should be stated. LeVesque having stated the number, &c., of the trees to induce the defendant to make the trade, he was bound by it, and the plaintiffs are bound by it.

The judgment of the court below is reversed, and the cause remanded with directions for further proceedings consistent with this opinion.