ALEXIS KELLOGG, APPELLANT, VS. SINGER MANU-FACTURING COMPANY, APPELLEE.

1. In decreeing the foreclosure of a mortgage providing for the payment of a reasonable attorney fee in the event of foreclosure, it is error to allow a sum of money as such fee without proof that it is reasonable and a proper amount to allow.

2. In order that the sworn answer of a respondent may have the effect of being evidence in his favor, and conclusive unless overcome by the testimony of two witnesses, or of one witness corroborated by other circumstances which add greater weight than the answer, it must be directly and positively responsive to the material allegations of the bill.

3. A sworn answer, with proper averments, setting up a want or failure of consideration, in analogy to the rule at law, as to the effect of a sworn plea under the statute alleging such defense, will have the effect to impose the burden of proof as to such defense on the complainant; but in order to have such effect the answer should be direct, positive and free from uncertainty.

Appeal from the Circuit Court for Walton county.

The facts of the case are stated in the opinion of the court.

*Daniel Campbell*, for Appellant.

The Singer Manufacturing Company, a corporation incorporated under the laws of the State of New Jersey, sue Alexis Kellogg, a citizen of Walton county, State of Florida. The complainant brought suit to foreclose a mortgage executed by Kellogg to secure a debt for the sum of $350.00. The description as set forth in the mortgage and bill is lots number 412 and 413 in the city of DeFuniak Springs, Walton county, Fla. The judge entered a final decree in this cause on the 4th day of September, 1890, in favor of complainants. Appellant assigns four grounds of error:

1st. The court erred in sustaining exceptions of complainants to defendant's answer.

2nd. The court erred in rendering a decree in favor of complainants upon the hearing of the cause upon bill and answer.

3rd. The court erred in allowing complainant $60.00 attorney fee in this decree, there being no evidence of record or otherwise.

4th. The court erred in rendering a decree to sell property not included in the mortgage.

The answer sets up a partial failure of consideration and that the respondent was induced to sign note and mortgage by misrepresentation of the complainants, the complainants set down same for hearing upon bill and answer upon the hearing the court rendered a decree for the entire amount of debt without any proof as to consideration although the consideration was denied in the sworn answer this we contend was error, we think the decree should have been for the sum of $50.00 amount respondent admitted to be due "material averments in a bill denied by answer under oath must be proven by two witnesses or by one witness

supported by corroborating circumstances" Story's Equity Pleading, 875, sworn answer denying the allegation of the bill is conclusive on that question unless overcome by the testimony of two witnesses or of one with corroborating circumstances Stephen's Administrators vs. Orman. A party can not be charged against his own denial under oath in his answer on the testimony of a single witness, such denial must be overcome by contradiction by at least two witnesses White vs' Walker, 5th Fla. 478. In an action at law a plea of want of consideration put in under oath throws burden of proof upon plaintiff and such by analogy is the rule in equity. Life Insurance & Trust Co. vs. Cole, 4th Fla. Foster *et al.* vs. Ambler, 24th Fla. 319. The third assignment of errors is as to the attorney fees the Supreme Court has recently decided that the record should show the evidence upon which the amount of the fee was based, this the record in this case does not show there being no record evidence. The last ground of error is that the decree contains a lot not included in the mortgage, this will appear from an examination of the decree which authorizes the sale of lots 412 and 431 this certainly does not need any argument or authority to show the absurdity of the decree from an examination of the mortgage and decree it will be seen that the mortgage covers lots 412 and 413 and the decree 412 and 431.

With these views appellant respectfully submits this cause for the consideration of this honorable court.

No Appearance for Appellee.

MABRY, C. J.:

A bill was filed in the Circuit Court for Walton county by the Singer Manufacturing Company, a corporation existing under the laws of the State of New Jersey, against Alexis Kellogg, appellant, for the purpose of foreclosing a mortgage on real estate situated in the town of DeFuniak Springs, in said county. The property is described in the mortgage as lots four hundred and twelve (412) and four hundred and thirteen (413), according to the plan of said town, and situated in section 35, township 3 N., R. 19, W. The mortgage was given by Kellogg to the Singer Manufacturing Company to secure the payment of a note for three hundred and fifty dollars, which he had executed to the company; the original note and mortgage being attached to the bill as exhibits. Kellogg filed an answer which was excepted to, and the exceptions being sustained by the court, leave was given to file an amended answer. The record shows that an amended answer was filed, and afterwards a further order made allowing the respondent five days within which to answer, upon the payment of costs. There is also a further amended answer, to which the general replication was filed, and upon which the final hearing was had.

As the questions presented by counsel for appellant, on his appeal, do not involve any consideration of the answers filed, except the last one, we will refer only to it. This answer alleges, substantially, that respondent was induced to execute the note and mortgage sued on by representations made by the agent of said company, that one Arthur Kellogg, who was also an agent, was in default to the company in the sum of three hundred and fifty dollars, and respondent, being a

bondsman of said Arthur, was induced to execute the note by reason of the said representation; that respondent had been informed, and believed, that the said Arthur was not in arrear more than fifty dollars, and there was no other consideration for said note, and respondent was ready and willing to pay the sum of fifty dollars; that after the note and mortgage were executed, respondent was informed by Arthur Kellogg that the said company was in arrear, and that he owed the company only fifty-five dollars; that respondent was promised that no suit should be instituted if he would execute the note, but that he would be indulged in the payment of the same; that had it not been for the representations made by the company and which respondent believed to be true at the time, he would not have executed said note and mortgage, and, if permitted, he believed he would be able to prove by Arthur Kellogg that said sum of three hundred and fifty dollars was not due from him to the company at the time said note and mortgage were executed.

A general replication was filed to the foregoing answer, and after the expiration of the time for taking testimony, the cause came on for hearing before the chancellor on the bill, exhibits and the answer of the respondent, and upon consideration it was decreed that the complainant company have judgment for the amount of said note, principal and interest, and the further sum of sixty dollars as attorney fees, and costs of suit. It was further decreed that the respondent and all persons claiming by, through or under him, be barred and foreclosed of all right of equity in and to the property included in the said mortgage, described as lots four hundred and twelve (412) and four hundred and thirty-one (431), according to the plan of the city of DeFuniak Springs, in Walton county, Florida, and

situated in section thirty-five (35), township 3 north, range 19 west; and that upon default of the payment of the amounts decreed within ten days, said property be sold by a special master appointed for that purpose. Respondent appealed from this decree.

The grounds set up in the petition of appeal, and insisted on here, are: That the court erred in rendering a decree in favor of complainant below upon bill and answer; the court erred in allowing the attorney fee of sixty dollars, there being no evidence of record or otherwise; the court erred in decreeing the sale of property not included in the mortgage.

The mortgage provided for the payment of a reasonable attorney fee in the event of a foreclosure, but it was error for the court to allow the sixty dollars without proof that such sum was a reasonable fee in the case. Long vs. Herrick, 26 Fla. 356, 8 South. 50; Adams vs. Fry, 29 Fla. 318, 10 South. 559; Taylor vs. Brown, 32 Fla. 334, 13 South. 957. The record shows that the case was heard on bill, exhibits and answer, and the attorney fee was allowed by the court without any evidence showing that it was a proper amount to allow. Under our practice this was error.

It is evident that there was a clerical mistake in describing one of the lots in the decree rendered by the court. The mortgage covered lots 412 and 413, according to the plan of DeFuniak Springs, and in the decree it is recited that respondent and all persons claiming by, through or under him, be barred and foreclosed of all right of equity in the property described in the mortgage as lots 412 and 431, according to the plan of the city of DeFuniak Springs, Walton county, Florida. The evident purpose of the court was to decree a sale of the lots embraced in the mortgage, and the description of lot four hundred and thirty-one was clearly an

oversight and mistake. As the decree stands, however, it directs the sale of lot four hundred and thirty-one, according to the plan of the city of DeFuniak Springs, and this lot is not embraced in the mortgage.

The other ground of contention is, that the court erred in decreeing for the complainant, on the bill and answer, a sum greater than fifty dollars, the amount admitted in the answer to be due. It is claimed for the answer that it was a denial under oath of the material allegations in the bill, and that before the complainant was entitled to a decree, it was incumbent on him to sustain the bill, to the extent denied, by two witnesses, or by one witness with corroborating facts. The sworn answer of a defendant responsive to a bill filed against him is evidence in his favor, and is conclusive, unless overcome by the testimony of two witnesses, or of one witness corroborated by other circumstances which add greater weight than the answer. To have this effect, the answer must be direct and positive. White vs. Walker. 5 Fla. 478; Stephens vs. Orman, 10 Fla. 9; Foster vs. Ambler. 24 Fla. 519, 5 South. 263; Christy vs. Burch, 25 Fla. 942, 2 South. 258; 1 Beach's Modern Equity Practice, 366, 367. The answer does not deny the execution of the note and mortgage, and, in fact, is not so responsive to the allegations of the bill as to entitle it to be considered as evidence under the general rule giving responsive answers a conclusive effect unless overcome by two witnesses, or one witness and corroborating circumstances. The case was heard on bill and answer after the expiration of the time to take testimony, and of course appellant can not insist on his answer as evidence unless it is directly and positively responsive to material allegations in the bill. The defense apparently intended to be relied on in the answer is that the

note and mortgage were obtained by fraudulent representations on the part of appellee's agent, that Arthur Kellogg at the time was in default to the company in the sum of three hundred and fifty dollars. The allegation as to whether the said Arthur was in default to the amount stated at the time the note and mortgage were executed is indefinite and wanting in positiveness. It is true it is stated that respondent had been informed, and believed, that Arthur was not in arrear more than fifty dollars, but in the same connection it is alleged that after the execution of the note and mortgage respondent was informed by the said Arthur that the company was in arrear, and he owed it only fifty-five dollars. How long after the execution of the note and mortgage this information was obtained by respondent does not appear; nor does it appear from what is stated that Arthur Kellogg was not, at the time the note and mortgage were executed, behind with the company to the amount represented by the agent as alleged in the answer. The answer is not positive and direct in reference to the amount owing the company by Arthur Kellogg at the time of the execution of the note and mortgage, and what is stated in reference thereto is not so responsive to the allegations of the bill as to make the answer evidence in favor of respondent. It is true that a sworn answer, with proper averments, setting up a want or failure of consideration to a note sued on, in analogy to the rule as to the effect of a sworn plea under the statute alleging such defense, would impose the burden of proof as to such matter on the complainant. Southern Life Insurance and Trust Co. vs. Cole, 4 Fla. 359. But the want or failure of consideration in a plea at law must be expressly and positively alleged. Ahren vs. Willis, 6 Fla. 359;

Jones vs. Streeter. 8 Fla. 83; Stafford vs. Anders, *Ibid,* 34; Reddick vs. Mickler, 23 Fla. 335, 2 South. 698. The rule, as we have seen, as to making an answer evidence in favor of respondent requires that it should not only be responsive, but direct, positive and unequivocal. And in order that an answer setting up a want or failure of consideration may have the effect to impose the burden of proof on the complainant, as to such defense, we think, it should be direct, positive and free from uncertainty. The answer in the present case, as to the failure of consideration, does not seem to meet this requirement.

In view of the error in the decree rendered, in reference to the description of the lot, the entire decree will be reversed, and the case remanded with directions to the Circuit Court to enter final decree for the amount due on the note secured by the mortgage, and a reasonable attorney fee, to be ascertained by proof in accordance with the practice of the court, and that the property described in the mortgage be adjudged to be sold to pay the same. Order to be made accordingly.