J. Z. MAYO AND JOANN MAYO, APPELLANTS, v. D. HUGHES,
APPELLEE.

1. A failure of consideration should be directly, positively and unequivocally averred in order to impose the burden of proof on the complainant.

2. Averments of a sworn answer must be as to matters of personal knowledge and must be directly and positively responsive to material allegations of the bill in order to be conclusive evidence in favor of the parties answering unless overcome by the testimony of two witnesses or by the testimony of one witness and corroborating circumstances.

3. If proper averments in a sworn answer of a failure of consideration are direct, positive and certain they impose the burden of proof on the complainant, and if such averments are of personal knowledge and are directly responsive to the allegations of the bill, they may be conclusive evidence in favor of the parties answering unless overcome by the testimony of two witnesses, or the testimony of one witness corroborated by other circumstances; but direct, positive and certain averments of a failure of consideration which are sufficient to impose the burden of proof on the complainant, yet which are not directly responsive to the allegations of the bill, are not such evidence in favor of the parties answering as requires the complainant to produce more than the testimony of one witness.

4 When the answer in a foreclosure proceeding denies none of the allegations of the bill and admits the consideration shown by the bill and exhibits, and sets up other consideration in addition thereto and avers the failure of a part of such additional considerations, and the testimony shows that the consideration alleged in the bill was the consideration for the mortgage, a decree of forclosure based on the consideration alleged in the bill and proven is not erroneous on the ground of failure of consideration for the mortgage.

This case was decided by Division A.

Writ of Error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the Court.

*W. W. Flournoy,* for Appellants.

*C. M. Cox,* for Appellee.

WHITFIELD, J.   On June 9th, 1904, the appellee, D. Hughes, filed a bill in chancery in the Circuit Court for Holmes county against the appellants for the foreclosure of a mortgage on certain real and personal property. The bill alleges that on January 15, 1904, J. Z. Mayo executed and delivered to the Sanford Lumber Co., a corporation, his promissory note for two hundred and fifty dollars payable one day after its date with interest until paid; that J. Z. Mayo and his wife, Joann Mayo, executed and delivered to the Sanford Lumber Co., a mortgage to secure the payment of the said note; that subsequent to the execution of said note and mortgage, and prior to the institution of this suit, the Sanford Lumber Co., for a valuable consideration, assigned and transferred said note and mortgage to the complainant D. Hughes. There are other usual allegations for the foreclosure of a mortgage, and $183.00 is claimed as the amount due, besides attorney's fees. Copies of the note and mortgage and of the assignments of the same are attached as a part of the bill of complaint. The defendants answered under oath as follows: "Now comes said respondents, by their attorney, and for answer to the complainants bill to foreclose mortgage herein filed beg leave to humbly represent unto

said court as follows, to-wit: That said complainant ought not to have or maintain his said suit against said respondents for that, to-wit: The said writings obligatory referred to in sections one and two of the complainant's bill to foreclose mortgage were made upon certain considerations, which considerations have almost wholly failed for that, to-wit: Prior to the 15th day of January, A. D. 1904, upon which day said respondents made and executed the said note and the said mortgage in said sections one and two of the complainant's bill referred to, said respondent, J. Z. Mayo, was indebted to said complainant in the sum of $————, the exact amount of which indebtedness is at this time unknown to said respondents; that the said Sanford Lumber Company on or prior to the 15th day of January, A. D. 1904, obligated and agreed with said J. Z. Mayo, said respondents, that it, said Sanford Lumber Company, would pay unto said D. Hughes the indebtedness which he said respondent was then and there indebted to the said D. Hughes which indebtedness at the time of said agreement was estimated to be about the sum of $250.00 the exact amount of which indebtedness was considered to be some few dollars less than the sum of $250.00, and that it, said Sanford Lumber Company, would give unto J. Z. Mayo, said respondent, employment in hauling and transporting pine saw logs, which employment the said J. Z. Mayo was on the 15th day of January, 1904, and had been for some time prior thereto, engaged in and would give unto said respondent time to pay said note and mortgage it being agreed that, if the Sanford Lumber Company would give such employment to said respondent, he, said respondent, would pay said note and mortgage to said Sanford Lumber Company at the rate of $50.00 per month; that the said Sanford Lumber Company did not and has not paid to the said D.

Hughes said indebtedness as in accordance with its agreement, aforesaid, with said J. Z. Mayo, said respondent, so to do, and for and in consideration of which agreement said note and mortgage were by said respondents executed, although said respondent is informed and believes that said Sanford Lumber Company did on or about the 15 January, A. D. 1904, pay to the said D. Hughes, said complainant, on or about the 15 April, A. D. 1904, the further sum of $32.81 making an aggregate payment of $66.66 by said Sanford Lumber Company unto said D. Hughes, said complainant, upon and in pursuance of said agreement, and said D. Hughes in consideration of the promise aforesaid, by the said Sanford Lumber Company and the execution of said note and mortgage unto said Sanford Lumber Company, by said respondent, did then and there agree to discharge said respondent from all his indebtedness amounting, as aforesaid, to some few dollars less than $250.00, and he, said D. Hughes, did then and there further agree to return to said respondent all the papers, notes and mortgage which said complainant then and there held against him, which notes and mortgage said complainant, although often requested to do so, has not returned, and still refuses to do so, to said respondent, and this respondent says that the said writings obligatory as alleged in sections one and two of complainants bill to foreclose were executed and delivered by said respondents to said Sanford Lumber Company without his having received on and from said Sanford Lumber Company any consideration, whatsoever, other than that hereinbefore alleged, all of which said respondents are ready to verify;

Wherefore, said respondents now humbly pray judgment of said court in the said complainant ought to have and maintain said action herein instituted against them."

The only testimony taken was of one witness for the complainant. In addition to this testimony the note and mortgage with the assignments thereof to the complainant were filed in evidence without objection. A decree of foreclosure was rendered and an appeal was taken by the defendants who assign errors as follows: "(1) The final decree of said court is erroneous; (2) The final decree of said court is not sustained by the testimony; (3) The testimony in said cause wholly failed to show that there was not a failure of consideration, as alleged in respondents answer; (4) The testimony failed to show performance of the obligation of the Sanford Lumber Company, to D. Hughes, in consideration of which the mortgage sought to be foreclosed in this suit, was executed; (5) The testimony failed to show definitely what amount had been paid by the Sanford Lumber Company to D. Hughes in discharge of the Sanford Lumber Company's obligation in consideration of which respondents executed said mortgage; (6) The testimony shows that the Sanford Lumber Company made no payment to D. Hughes in discharge of its obligation in consideration of which respondents executed said mortgage; (7) The testimony fails to show definitely and accurately what amount is due to complainant by said respondents; (8) The testimony failed to show that complainant was not fully paid.

It is contended that as the answer avers a failure of consideration the burden is imposed on the complainant to prove the negative; that the allegations of the bill were not sustained by the proofs since it required two witnesses or one witness and corroborating circumstances to overcome the averments of the sworn answer; and further that the proofs establish the averment of a failure of consideration, and that consequently the decree of foreclosure is erroneous.

A failure of consideration should be directly, positively and unequivocally averred in order to impose the burden of proof on the complainant. See Kellogg v. Singer Manuf'g. Co., 35 Fla. 99, 17 South. Rep. 68, and cases cited; Section 1073 Rev. Stats.

Averments of a sworn answer must be as to matters of personal knowledge and must be directly and positively responsive to material allegations of the bill in order to be conclusive evidence in favor of the parties answering unless overcome by the testimony of two witnesses or by the testimony of one witness and other corroborating circumstances. See Pinney v. Pinney, 46 Fla. 559, 35 South. Rep. 95; Ocala Foundry & Machine Works v. Lester, 49 Fla. 347, 38 South. Rep. 56, and authorities cited.

If proper averments in a sworn answer of a failure of consideration are direct, positive and certain they impose the burden of proof on the complainant, and if such averments are of personal knowledge and are directly responsive to the allegations of the bill, they may be conclusive evidence in favor of the parties answering unless overcome by the testimony of two witnesses, or the testimony of one witness corroborated by other circumstances; but direct, positive and certain averments of a failure of consideration sufficient to impose the burden of proof on the complainant yet which are not directly responsive to the allegations of the bill, are not such evidence in favor of the parties answering as requires the complainant to produce more than the testimony of one witness.

The answer does not deny any of the allegations of the bill, but admits the indebtedness of Mayo to D. Hughes and the execution of the note and mortgage as alleged, and admits on information and belief that the Sanford Lumber Company paid to D. Hughes $66.66 on said indebtedness. These admissions in the answer were of ma-

terial allegations of the bill and relieved the complainant of proof as to them.

As to failure of consideration it is averred that the Sanford Lumber Company agreed to pay D. Hughes the indebtedness of about $250.00 due him by J. Z. Mayo and to give J. Z. Mayo employment and that the Sanford Lumber Company has not paid said indebtedness to D. Hughes. It is not averred that the Sanford Lumber Company did not give employment to Mayo, or that Mayo was in any wise prevented from paying the debt at the rate of $50.00 per month as agreed, and the answer admits that only $66.66 had been paid on the indebtedness of Mayo. A further averment of failure of consideration is that in consideration of the promise of the Sanford Lumber Company and the execution of the note and mortgage to the Sanford Lumber Company by Mayo, D. Hughes agreed to discharge Mayo from all his indebtedness amounting to some few dollars less than $250.00, and agreed to return to Mayo "all the papers, notes and mortgage" which Hughes held against Mayo, but said "notes and mortgage" have not been returned. It is not averred that Hughes did not discharge Mayo from the indebtedness mentioned, and the averments as to "papers, notes and mortgage" agreed to be returned and as to the "notes and mortgage" not returned as agreed are lacking in certainty.

The consideration alleged in the bill and shown in the mortgage is admitted in the answer, and the decree of foreclosure was apparently based thereon. The averments in the answer as to additional consideration, and the failure of the same, contradicts the admissions of the answer, and are not directly and positively responsive to the allegations of the bill; and even if they were so directly and positively averred with sufficient certainty as to

impose the burden of proof upon the complainant, they are not so directly responsive to the allegations of the bill as to make them such evidence in favor of the defendants as would require the complainant to produce more than the testimony of one witness to overcome them, yet the testimony of the only witness examined corroborated by the note and mortgage and the admissions of the answer established the consideration for which the foreclosure was decreed. The note and mortgage represent the indebtedness admitted in the answer and the assignment of the note and mortgage to D. Hughes did not relieve Mayo of his obligation on the note and mortgage when the indebtedness of Mayor was to Hughes in the first instance.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.