FLORIDA CHAUTAUQUA ASSOCIATION, LOUISVILLE & NASH-VILLE RAILROAD COMPANY *et al.*, *Appellants*, v. MINNIE I. BROWN AND HUSBAND, *Appellees.*

In case of a doubtful dedication of a public street by plats, an easement will not be declared in favor of one who has himself fenced off the public from the locus *in quo*, which has had buildings placed thereon by the supposed dedicator and others for more than twenty-five years.

Appealed from the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter, Daniel Campbell & Son* and *S. K. Gillis,* for Appellants;

*Wm. W. Flournoy,* for Appellees.

COCKRELL, J.—Upon the former appeal from the order sustaining the demurrer in this case, 59 Fla. 447, 52 South. Rep. 802, we held that the bill stated a case of special injury, giving the complainants peculiar rights not suffered by the general public, to the free use of Baldwin Avenue, the alleged boundary of complainants' property.

The case is again before us on final decree, against the defense that the property does not touch Baldwin Avenue, and that whatever rights may have existed are barred by estoppel or lapse of time.

We think the evidence clearly shows as in this kindred case of McGourin v. Town of DeFuniak Springs, 51 Fla. 502, 41 South. Rep. 541, that Baldwin Avenue lies wholly north of the railroad tracks and hence does not touch complainants' property, and moreover that the complainants by their own act of fencing off the space between their hotel grounds and the railroad tracks recognized this fact for many years, and up to the filing of their bill.

The evidence shows that the public never recognized, occupied or used the *locus in quo* as a street, or made any claim thereto until the abortive attempt to have it so declared in the McGourin case, although the railroad company and others for a quarter of a century placed buildings of a permanent nature in the supposed street.

We do not know whether facts *in pias* may show a dedication of Baldwin Avenue south of the railroad tracks, east of the station and west of the Brown property, but the complainants fail to show a present easement as between those two points, the sole basis for their equity, and the decree is accordingly reversed with directions to dismiss the bill.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and HOCKER, J. J., concur.