C. C. WILSON, *Plaintiff in Error*, v. J. M. MADDOX, *Defendant in Error*.

Division A.

Opinion filed April 6, 1929.

490

*E. M. Knight*, for Plaintiff in Error;

*Johnson, Bosarge & Allen,* for Defendant in Error.

ELLIS, J.—C. C. Wilson brought an action against J. M. Maddox upon a promissory note executed by the latter payable to the former in the sum of six hundred dollars. It was dated August 14, 1923, and payable sixty days after date.

The defendant pleaded that the consideration for the note was the plaintiff's services rendered to the defendant's wife in the treatment of an ailment of the eye from which she suffered. It was averred that the plaintiff is a physician and agreed at the beginning of treatment that it would effect a cure of the ailment; that the treatment continued for some time and the plaintiff pronounced as cured the disorder from which the defendant's wife suffered and for which she was treated; that the defendant executed the

note at the plaintiff's request and upon his representation that the disease was cured; that the note was executed on the condition that the defendant's wife was cured of the disease; that the plaintiff's treatment did not effect a cure.

Issue was joined upon the plea and the jury found for defendant and judgment was duly entered to which the plaintiff took a writ of error.

There are two assignments of error each of which present the same question, viz: that the verdict is not supported by the evidence.

The evidence justified the jury in finding that the following state of facts existed: that the plaintiff is a physician; that the defendant's wife suffered from some malignant disorder of the eye; that the defendant consulted the plaintiff about it and the latter agreed that if she was placed under his treatment that his treatment would effect a cure; this was accordingly done and the treatment continued for about nine months; that during that time the plaintiff had also given the defendant's daughter "some electric treatments" for which he charged one hundred dollars. At the end of that period of time the plaintiff told the defendant that his wife "will soon be well" and that her "eye is cured", whereupon the defendant asked the plaintiff what was the amount of the bill. The latter replied that it was one thousand dollars, of which one hundred dollars was for treatment given the daughter. The defendant paid four hundred dollars and gave the note for the balance. That the plaintiff went away on a vacation and when he returned the defendant and his wife went to the plaintiff again, the disease was not cured, there was a sore larger than when the treatment began. The plaintiff said the disease was not cured and requested defendant to bring his wife back. The plaintiff then left the room in his apartment where the con-

versation occurred and did not return. That the defendant and his wife after waiting a while left and did not return for further treatment of the wife's ailment.

The doctrine of the application of payments does not apply. If evidence offered in defendant's behalf is true he owed nothing on account of treatment for the wife's ailment and as the amount due for the daughter's treatment was one hundred dollars that account was over paid when the note was made.

The plea of failure of consideration in an action on a promissory note places the burden upon the plaintiff of showing a consideration for the same. See Mayo v. Hughes, 51 Fla. 495, 40 So. R. 499; White v. Camp, 1 Fla. 94; Reddick v. Mickler, 23 Fla. 335, 2 So. R. 698; Smith v. LeVesque, 25 Fla. 464, 6 So. R. 263; McCallum v. Driggs, 35 Fla. 277, 17 So. R. 407.

The substance of the plea was that the note was given for professional services which were undertaken under an agreement that if the treatment was not effective to produce a cure that no charge was to be made by the plaintiff for his services; that the plaintiff represented to the defendant that the treatment had produced a cure of the disease and the defendant paid a sum of money down and gave his note for the balance; that in fact the treatment was ineffective to produce a cure; the ailment was not cured and no debt existed to constitute a consideration for the note. The evidence was sufficient to support the jury's finding. Where there is conflict in the evidence a new trial should not be granted if the jury as reasonable men could have found such verdict from the evidence submitted. See Wilson v. Jernigan, 57 Fla. 277, 49 So. R. 45.

A verdict should not be set aside where the question is purely one of the credibility of witnesses. See Shaw v. Newman, 14 Fla. 128.

Where there is any evidence to support the verdict it will not be set aside as against the evidence unless it may well be assumed that the jury were improperly influenced by considerations outside the evidence. See Nickel v. Mooring, 16 Fla. 76; Huling v. Florida Savings Bank, 19 Fla. 695; Moses v. Gilchrist, 14 Fla. 325; Netro v. Foss 21 Fla. 145; Griffin v. Jacksonville Tampa and K. W. Ry. Co., 33 Fla. 606, 15 So. R. 338; Bishop v. Taylor, 41 Fla. 77, 25 So. R. 287; Sims v. Hodges, 34 Fla. 498, 16 So. R. 317.

There was no error in the charges given by the court sufficiently serious in view of the evidence to warrant a reversal of the judgment.

The judgment is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.