Knight vs. Knight.—Opinion of Court.

L. H. KNIGHT, ADMINISTRATOR OF S. S. KNIGHT, DECEASED, APPELLANT, vs. GEORGE W. KNIGHT, APPELLEE.

1. An executor or administrator under the proviso of the 24th section of the Act regulating judical proceedings, approved Nov. 23, 1828, may deny the signature of his testator or intestate to any bond, note, or other instrument purporting to have been signed by him, and also plead a want or failure of consideration by plea put in without being sworn to, and after the cause is called on the appearance docket, on giving reasonable notice, and the effect of such plea will be the same as at Common Law, that is, to require the plaintiff to prove the signature, and the defendant to prove the want or failure of consideration.

2. If the executor or administrator desires to throw the onus of proving the consideration on the plaintiff, he must put in his pleas under oath before the cause is called on the appearance docket.

This case was decided at Tallahassee.

Appeal from Leon Circuit Court.

The opinion of the Court, to which reference is made, contains a statement of the facts presented in the record.

*Gwynn & Hilton* for appellant.

*M. D. Papy* and *J. B. Galbraith* for appellee.

WALKER, J., delivered the opinion of the Court.

This was an action of assumpsit, brought to the Spring Term, 1859, of Leon Circuit Court, to recover the amount of a promissory note, of which the following is a copy :

TALLAHASSEE, FLA., Sept. 10, 1856.

$2,000—One day after date I promise to pay to Geo. W. Knight two thousand dollars, at 6 per cent. interest, from date, value received.

[Signed]                                     S. S. KNIGHT.

The declaration is in the usual form. No pleas were filed at the appearance term, and on 23d March, 1859, the case was continued.

On the 3d day of June, of that year, Gwynn & Hilton for defendant, gave notice to Galbraith, for plaintiff, of their intention to file the following pleas, to-wit :

1st. That the promissory note on which said suit was brought was not signed and executed by said Spotswood S. Knight.

2d. That there was an entire failure of consideration for said note.

3d. That the consideration for which said note was given, (if any consideration there ever was therefor) wholly failed.

4th. That the consideration for which said note was given (if any consideration there ever was therefor) partially failed.

On the 6th August, 1859, pleas were filed in accordance with the foregoing notice. The plaintiff below did not demur to any of them, nor take exception to the time at which they were filed, but joined issue and went to trial on 21st Oct., 1859. Evidence having been submitted on both sides as to the genuineness of the signature, and also as to the

consideration, and the case having been argued by counsel, the jury found a verdict for plaintiff and the Court gave judgment accordingly. The defendant then moved for a new trial, which was refused, and the defendant appealed to this Court.

It appears from the bill of exceptions filed in this case, that at the trial in the Court below the Court instructed the jury as follows, to-wit:

"This is an action brought for the purpose of recovering the amount of the promissory note exhibited in evidence. In this case the defendant filed the following pleas : 1st, that defendant did not make the note ; 2nd, that there was no consideration for the note; 3d, that the consideration has failed ; 4th, that the consideration has partially failed."

"In the case before you the onus of proof is on the defendant. It is incumbent on him to prove by evidence that the signature on the note is not the signature of S. S. Knight, or that there was no consideration for the note, or if there was that the consideration had wholly or partially failed.

"In the absence of such proof on the part of defendant, the note itself is evidence, both of the signature and consideration, In other words, the jury are bound to believe that the signature is genuine, and that there was a consideration for it which has neither wholly nor partially failed, unless the defendant proves, by evidence, that the signature is not genuine or that there was no consideration, or if there was that it has wholly or partially failed."

"1. If the jury believe from the evidence, that the signature on the note is not the genuine signature of S. S. Knight, or that there was no consideration for the note, or if there was, it has failed, they will find for the defendant.

"2. If the jury believe the signature genuine, and that there was a consideration for the note which has not failed they will find for the plaintiff."

To these instructions of the Court the defendant by his

counsel excepted, and the grounds of error now assigned in this Court are : 1st, that the Court below erred in giving the instructions aforesaid, and, 2d, that the Court erred in refusing to grant a new trial.

The decision of the question whether the Court below did or did not err in giving said instructions depends on the proper construction of our Act of 1828, "regulating judicial proceedings." The 23d and 24th sections of this act read as follows :

"SEC. 23. *Be it further enacted,* That no plea in abatement or other dilatory plea, or any plea denying the signature to any bond, note or other instrument of writing, shall be received by either of said Courts, unless the same be put in on oath and filed before the cause is called upon the appearance docket.

"SEC. 24. *Be it further enacted,* That all promissory notes and other instruments of writing not under seal, shall have the same force and effect as bonds and instruments under seal ; and it shall not be necessary for the plaintiff to prove the execution of any bond, note, or other instrument of writing purporting to have been signed by the defendant, nor the consideration for which the same was given, unless the same shall be denied by plea put in and filed as aforesaid : *Provided,* that nothing in this act shall prevent an executor or administrator from denying the execution aforesaid or from pleading a want or failure of consideration, if he shall give in writing reasonable notice of such intention to the plaintiff, his agent or attorney."

The general rule prescribed by the 23d section prevents a plea by a defendant in his own right, denying the signature, from being *received* after the cause is called on the appearance docket, and the 24th section says that it shall not be necessary for the plaintiff to prove either the execution or the *consideration*, unless the plea be put in and filed as aforesaid ; but then, seeing the difficulty in which an

executor or administrator would be placed, the *proviso* is added " that nothing in this act shall prevent an executor or administrator from denying the execution aforesaid or pleading a want or failure of consideration, if he shall give in writing reasonable notice to the plaintiff, his agent or attorney."

To give " reasonable notice" therefore is the only condition imposed on an executor or administrator to secure to himself the right of having his plea to the signature *received*, and without being sworn to, after the cause is called on the appearance docket. A defendant in his own right is not compelled to give any notice, because he is required to file his plea at the first term and the plaintiff must take notice of it at his peril ; but an executor or administrator is re-quired to give reasonable notice, because he is not so compelled and therefore justice to the plaintiff requires it.

This *proviso* also allows the executor or administrator to plead to the consideration after the first term on giving reasonable notice. The law presumes that he is not as well advised as other defendants as to his defences, and therefore allows him a greater length of time to prepare them.

But whilst the *proviso* gives to an executor or administrator the right to file pleas to the signature, not under oath, after the appearance term, and also pleas to the consideration on giving reasonable notice, it is silent as to what effect and operation such pleas shall have, and being silent, we are driven, in our opinion, to the common law for a solution of that question. It is true that the act of 1822, introducing the common law into the territory, was left out of the Condensation Act, which was passed on the 23d Nov., 1828, and approved on the same day, and thereby repealed, but we find on examination that an " act regulating judi-cial proceedings" was passed on the 21st, though not ap-proved till the 23d, Nov., 1828, and therefore being passed

when the common law was in force, must be considered with reference to its provisions.

In 1829 the Common Law was again introduced, but even if it had not been and if the act repealing the act introducing it had been passed before our judiciary act, still we concur with Douglas, C. J., in White vs. Camp, 1 Fla. R. 94, that it cannot be supposed that the Legislature acted without any regard to its wise and salutary provisions.

By the Common Law, where plea is filed, the onus of proving the signature to a promissory note is on the plaintiff, but the burthen of proving a want or failure of consideration is on the defendant, and so we think the proviso to this statute leaves it in both instances, unless indeed the executor or administrator will avail himself of the privilege awarded to every other defendant, of pleading under oath before the cause is called on the appearance docket.

We express no opinion as to whether the Court erred in refusing to grant a new trial on the evidence ; but it is not necessary to a decision of this cause and other evidence may be produced at the second trial.

Our conclusion is that the Court below erred in so much of its charge to the jury as instructed them that the onus of proving the signature was on the defendant, and inasmuch as the jury may have been mislead thereby, there being conflicting testimony on that point, it is ordered that the judgment of the Court below be reversed, and that this cause be remanded for a new trial in conformity with this opinion.