J. R. DAVIS, *Plaintiff in Error*, v. B. D. LEIGHTON, *Defendant in Error.*

Opinion Filed October 22, 1920.

1.  In an action upon a promissory note a plea of failure of consideration sworn to casts the burden of proof on plaintiff and this burden is not met by the introduction of the note alone without other proof.

2.  In an action solely between an endorser and his immediate endorsee of a negotiable instrument a want or failure of consideration may constitute a good defense.

A Writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

Reversed.

*Brady & Taylor*, for Plaintiff in Error;

*Wilson & Boswell*, for Defendant in Error.

WEST, J.—This was an action by defendant in error as plaintiff against plaintiff in error as defendant as endorser of a promissory note made by B. G. Estridge and M. C. Estridge, payable to plaintiff.

The declaration is in the usual form. It alleges, in substance, the making of the note, defendant's endorsement of the note, its delivery, failure of the maker to pay the note and notice of non-payment to plaintiff.

The defendant filed pleas to the declaration, which, omitting formal parts, are as follows:

"Comes now the defendant, J. R. Davis, by his attorney,

J. W. Brady, and for plea and answer to the plaintiff's cause of action says that there has been a total failure of consideration upon this defendant's endorsement of the note sued upon by the plaintiff, and that this defendant should not be required to answer unto the plaintiff for the following reasons, to-wit:

"1. This defendant shows that prior to the date of the note sued upon by the plaintiff that the said plaintiff, B. D. Leighton, and the B. G. Estridge named in plaintiff's declaration were partners doing business in Bartow, Florida, under the firm name and style of the Polk County Produce Company, and that there came a time when the said B. D. Leighton desired to dispose of his interest to the said B. G. Estridge and to the said M. C. Estridge, the wife of the latter and the daughter of this defendant. That he induced the said Estridge and wife to buy out his interest in said business, giving him notes therefor to be secured by the endorsement of this defendant, who was and is the father of M. C. Estridge. That before this defendant would endorse said notes he required the said B. D. Leighton to give him an itemized statement of the outstanding indebtedness of said partnership business, which the said B. D. Leighton pretended to do, giving him a list of certain outstanding accounts, which he then and there stated was all the indebtedness then due by said firm, and upon said statement this defendant endorsed the note sued upon; whereas, in truth, there was another outstanding indebtedness against the said B. G. Leighton and B. G. Estridge, which the said B. D. Leighton then and there knowingly and designedly concealed from this defendant for the purpose of having him endorse said note and other notes, said indebtedness being due to the Miller-Jackson Company, Wholesale Dealers of Tampa, Florida, for the amount of $1,284.00; which was then and there a

just, due and unpaid account existing against the said B. D. Leighton and B. G. Estridge, doing business as the Polk County Produce Company, and which was unknown to this defendant at the time he made said endorsement and which he has since had to pay off and discharge by reason of having by his endorsement of three notes to the said B. D. Leighton substituted his daughter, the said M. C. Estridge, into the business of the Polk County Produce Company in the stead of the said B. D. Leighton.

"2. For a further plea this defendant further shows that by reason of the deception and fraud of the said B. D. Leighton in concealing from him the fact of the indebtedness of the said Polk County Produce Company to the said Miller-Jackson Company to the amount of $1,284.00, and of the fact of the present insolvency of the said parties constituting the Polk County Produce Company as alleged by plaintiff; that the said B. D. Leighton has become indebted to this defendant in the sum of $1,284.00, besides interest from the .... day of ..........., 1917, for which this defendant prays judgment against the said plaintiff.

"3. For a further plea in this behalf this defendant says that since the institution of the plaintiff's suit against this defendant that this defendant has been garnished by a firm styled The Coe-Mortimer Company in a suit now pending in the Circuit Court of Polk County against the said B. D. Leighton for a large amount, to-wit: an amount larger than that of the note sued on in this action, and that this defendant is not advised as to the merits of the suit in which this defendant is garnished."

The pleas were under oath of the defendant. Demurrers to the pleas were overruled as to the first and second

and sustained as to the third and the parties proceeded to trial. Upon the trial the note bearing defendant's endorsement was introduced in evidence by plaintiff. Plaintiff testified that the note had not been paid. He was then asked what was the consideration for the note and replied, "My interest in Polk County Produce Company." The plaintiff then rested. Defendant offered no evidence.

There was a directed verdict for the plaintiff. From the judgment entered thereon the defendant took writ of error.

The case was tried upon the theory that the pleas contained averments sufficient to present the issue of failure of consideration for the note. The pleas being sworn to, the burden of proof upon this issue under the statute (Sec. 1465, Gen. Stats., 1906) was upon the plaintiff. This burden was not met by introducing the note, bearing defendant's endorsement, in evidence with no other evidence than the statement of plaintiff that the note was given him for his interest in the "Polk County Produce Company," no proof being offered that such interest was of any value. The burden being upon the plaintiff to prove the consideration, it cannot be inferred, in the absence of proof of any value, that his interest in the company mentioned was a sufficient consideration. Sec. 1465, Gen. Stats., 1906, Sec. 1465, Florida Compiled Laws. White v. Camp, 1 Fla. 94; Prescott v. Johnson, 8 Fla. 391; Reddick v. Mickler, 23 Fla. 335, 2 South. Rep. 698; Smith v. Le-Vesque & Anderson, 25 Fla. 464, 6 South. Rep. 263; Dicks v. Johnson, 66 Fla. 306, 63 South. Rep. 700.

The burden of proof upon the issue made not having been met by plaintiff, there was error in directing a ver-

dict for him, and the judgment must therefore be reversed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

ELLIS, J., dissents.

ELLIS, J., dissenting:

The plea is an affirmative defense in which the defendant seeks to avoid the obligations of an endorser because of the alleged deceit and fraud of the plaintiff. The burden of proof was upon the defendant thereon. The judgment should be affirmed.