ATLANTIC LAND & IMPROVEMENT COMPANY AND T. H.
CRAWFORD, *Appellants,* v. D. C. LEE AND L. C. EDWARDS,
*Appellees.*

### Division B.

### Opinion Filed March 16, 1927.

1. Section 21, Article XVI of the State Constitution, makes
*original* deeds and mortgages that have been duly *proved*
for record and duly recorded, admissible as *prima facie*
evidence in the courts in this State without requiring proof
of the execution thereof; and also makes a *certified copy of
the record* of any deed or mortgage that has been or shall be
*duly recorded* according to law, admissible 'as *prima facie*
evidence of the contents of the original and of the due execu-
tion of the original deed or mortgage with like effect as if
the original had been produced and its execution duly proven;
*Provided,* it be made to appear that the original is not within
the custody or control of the party offering such copy.

2. *Prima facie* evidence is such as in the judgment of the law,
is sufficient to establish the fact, and, if unrebutted, remains
sufficient for that purpose.

3. Where it is made to appear that an original deed is not
within the custody or control of the party offering a copy,
a duly certified copy of the record of the deed that was duly
proven for record and duly recorded, may under the Con-
stitution, be adduced as *prima facie* evidence of the deed
and of its due execution, without proving the execution of
the deed. And where the conditions are complied with the
organic rule is applicable even though the execution of the
deed be denied in the pleading.

An Appeal from the Circuit Court for Hillsborough
County; L. L. Parks, Judge.

Affirmed.

*Kelly, Sutton & Shaw,* for Appellants;

*McKay, Withers & Ramsey,* for Appellees.

WHITFIELD, P. J.—In a bill of complaint brought by D. C. Lee and L. C. Edwards for the cancellation of certain deeds and for quieting title to lands, it is alleged that complainants claim title to described lands through mesne conveyances "under and by virtue of a certain warranty deed made to S. A. White by Tampa & Thonotosassa Railroad Company, a corporation, November 30, 1900, filed for record August 18, 1914, recorded in deed book 204, page 274, records of Hillsborough County, Florida, the said Tampa and Thonotosassa Railroad Company, a corporation being then and there the owner in fee simple of said land; that on February 1, 1921, the Atlantic Coast Line Railroad Company, a corporation, executed and delivered to the defendant, the Atlantic Land & Improvement Company, a corporation, a certain warranty deed which was filed for record February 26, 1921, and recorded in deed book 323, page 211, records of Hillsborough County, Florida, wherein it was recited that whereas the Tampa & Thonotosassa Railroad Company was, prior to May 10, 1901, the owner of the lands therein described and certain other lands, and on May 10, 1901, executed an agreement with the Savannah, Florida & Western Railway Company and other railway and railroad companies whereby all of the property, rights and franchises of the said Tampa & Thonotosassa Railroad Company were conveyed to, merged into and became the property of, the said Savannah Florida & Western Railway Company, which said agreement was duly recorded as required by the laws of the State of Florida, and that whereas under the date of April 10, 1902, all of the property rights and franchises of the said Savannah, Florida & Western Railway Company was conveyed to,

merged into and became the preperty of, Atlantic Coast
Line Railroad Company, which said agreement was duly
recorded as required by the laws of the State of Florida,
and that whereas the said Atlantic Coast Line Railroad
Company, under and by virtue of said agreement and con-
veyances above referred to, became the owner of the lands
herein described and other lands. Therefore, the said
Atlantic Coast Line Railroad Company, a corporation, for
certain considerations therein expressed, did convey and
assure to the said defendant, the Atlantic Land & Improve-
ment Company, a corporation, the lands aforesaid and
other lands.'' As to titles and rights resulting from a
merger of railroad companies see 35 Fla. 625, 17 So. 902;
53 Fla. 1017, 43 So. 514.

The Atlantic Land & Improvement Company executed a
deed of conveyance of a portion of the land to T. H. Craw-
ford.

The answers of the defendants deny ''that the alleged
deed from the Tampa & Thonotosassa Railroad Company
to S. A. White, as set forth in the said bill of complaint,
was the deed of the Tampa & Thonotosassa Railroad Com-
pany, and deny that the alleged deed from the Tampa &
Thonotosassa Railroad Company was ever delivered to the
said S. A. White as the deed of the Tampa & Thonotosassa
Railroad Company,'' and defendants admit that they claim
title through a deed of conveyance of February 1st, 1921,
covering the property from the Atlantic Coast Line Rail-
road Company, which deed the complainants seek to have
cancelled.

The complainants adduced in evidence a certified copy
of the record of a deed of conveyance duly proved for rec-
ord and recorded, covering the property from Thonotosassa
Railroad Company to S. A. White, dated November 30,
1900, and recorded August 8, 1914, with testimony by

each of the complainants that the original deed was not within his custody or control and that he did not know where the original deed is.

The Court decreed for complainants and defendants appealed.

The contention of the defendants below, appellants here, is that as the answers denied the execution of the deed of conveyance from Thonotosassa Railroad . Company to S. W. White, it was incumbent upon the complainants to prove the execution of the original deed notwithstanding Section 21, Article XVI of the Constitution, which is as follows:  ''Deeds and mortgages which have been proved for record and recorded according to law, shall be taken as *prima facie* evidence in the courts in this State without requiring proof of the execution.  A certified copy of the record of any deed or mortgage that has been or shall be duly recorded according to law shall be admitted as *prima facie* evidence thereof, and of its due execution with like effect as the original duly proved;  Provided, It be made to appear that the original is not within the custody or control of the party offering such copy.''

The effect of the second sentence of the constitutional provision is to make a certified copy of any deed or mortgage which has been duly recorded in accordance with law, admissible as *prima facie* evidence thereof, and of the due execution of the original, with like effect as the original duly proved, upon the condition named in the proviso. This proviso requires of the party offering the certified copy as a condition precedent to its admission in evidence that it shall be made to appear that the original is not within his custody or control.  It is an express limitation upon the preceding part of the sentence.   The theory of the second sentence, including the proviso, is that the original is the best evidence in all cases and must be produced if

it is in the custody or control of the party, and that he connot use the copy in any case until it has been made to appear affirmatively that the original is not in his custody or control. Bell v. Kendrick, 25 Fla. 778, text 790, 6 South. Rep. 868; Bacon v. Feigel, 76 Fla. 581, 80 South. Rep. 518.

At common law when a deed is offered as evidence of its contents, its due execution had to be proven at least *prima facie* before the deed is admissible in evidence unless proof of the execution be waived by the adverse party. 22 C. J. 929. This rule of judicial procedure resulted in hardships and injustice where because of the lapse of time or for other reasons the execution of the instrument could not be proven.

The recording statutes require *acknowledgment* or *proof* of the execution of deeds and mortgages before they may be duly recorded for the purpose of affecting titles and rights in the property. Sections 3822, 3823, Revised General Statutes, 1920. In view of this requirement and with a purpose to afford a reasonably safe and convenient method of proving the execution of deeds and mortgages when offered in judicial proceedings as evidence of their contents, the above quoted section of the Constitution was adopted, and its salutary provisions should be made effective by the courts. The purpose of the organic provision is to make *original* deeds and mortgages that have been duly *proved* for record and duly recorded, admissible as *prima facie* evidence in the courts in this State without requiring proof of the execution of the instrument; and also to make a *certified copy of the record* of any deed or mortgage that has been or shall be *duly recorded* according to law, admissible as *prima facie* evidence of the contents of the original and of the due execution of the original deed or mortgage, with like effect as if the original had been

produced and its execution duly proved; *Provided,* it be made to appear that the original is not within the custody or control of the party offering such copy. "*Prima facie* evidence is such as in the judgment of the law is sufficient to establish the fact, and, if unrebutted remains sufficient for that purpose." Thomas v. Wilkerson, — Fla. —, 40 So. 831.

Under the Constitution, it being made to appear that the original deed was not within the custody or control of the party offering the copy, the duly certified copy of the record of the duly proven for record and duly recorded deed of conveyance was *prima facie* evidence of the deed and of its due execution; and made it unnecessary to prove the execution of the deed. Notwithstanding the specific denial of the execution of the deed, the certified copy of the record of the deed adduced in this case was sufficient *prima facie* proof of its execution to sustain the allegations as to the making of the deed, in the absence of rebutting evidence. There was no showing that the deed was not in fact executed as the record of it shows its execution; and the defendants did not by cross-examination or otherwise challange the testimony that the original deed was not within the custody or control of complainants.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.