W. B. Towles, *Trustee*, v. Denise Azar, *et vir.*

150 So. 734.
Division A.
Opinion Filed October 19, 1933.
Rehearing Denied November 23, 1933.

*Williams & Dart,* for Plaintiff in Error;

*Arthur R. Clarke* and *Stephen B. Jennings,* for Defendants in Error.

Davis, C. J.—This case, a suit at law on a promissory note, was submitted to a jury on the issue of failure of consideration set up by the pleas of the defendant. The contention at the trial was that fraud had been perpetrated upon the defendant by the original payee of the note, a vendor, in connection with the sale of certain real estate to the note's maker, the defendant below. The jury's verdict was in favor of the defendant, Towles. New trial was granted and defendant takes writ of error under Section 4615 C. G. L., 2905 R. G. S.

The only proposition of law necessarily involved in the decision of this case is whether or not, in the face of a plea

of failure of consideration of the promissory note, the burden of proof was on the defendant or the plaintiff under the plea. That question was discussed, but not necessarily involved in the decision in the case of Colt v. Gainey, 102 Fla. 1065, 136 Sou. Rep. 698.

Our view is that, in a suit on a promissory note, while consideration for the note is presumed (Section 6784 C. G. L., 4698, R. G. S.), yet in cases where the defendant properly pleads failure of consideration, as an excuse for not paying the note sued on, the burden is on the plaintiff to offer some proof of a consideration for the note sued on, where all consideration therefor is duly impeached under oath of the maker as provided by Section 4330, C. G. L., 2664 R. G. S. See: Wilson v. Maddox, 97 Fla. 489, 121 Sou. Rep. 805; Davis v. Leighton, 80 Fla. 594, 86 Sou. Rep. 564. Compare: Powell v. English, 97 Fla. 861, 122 Sou. Rep. 217.

But before the rule putting the burden of proof on the plaintiff can apply, the consideration for the note sued on must, in accordance with Section 4330 C. G. L., 2644 R. G. S., be "impeached by the defendant under oath." The phrase "impeached by the defendant under oath," as used in Section 4330 C. G. L., *supra,* means that the oath of the defendant himself as to the truth of the facts pleaded, must afford the basis for such impeachment and not merely an oath of the defendant's attorney to the defendant's pleas be relied on for that purpose.

This Court has held that under Section 4318, C. G. L., 2652 R. G. S., requiring all pleas to be sworn to, either by the defendant, or his agent or attorney, the ordinary oath to pleas can be made on the basis of the affiant's information and belief that the pleas are true. State v. Sumter County Com'rs, 22 Fla. 1. And indeed, if any more strict

rule were recognized, defendants could only plead contradictory defenses as authorized by Section 4320 C. G. L., 2654, R. G. S., at the risk of prosecution for perjury. The oath to pleas such as is required by Section 2652 C. G. L., *supra,* is accordingly regarded as nothing more than an evidence of good faith, that is, pleas are permitted to be sworn to by defendants or their attorneys under that section, solely on the basis of their information and belief that the pleas are proper pleas to be presented in support of the facts upon which defendant relies for his defense.

But under Section 4330 C. G. L., 2664 R. G. S., there is required the responsible oath of the defendant himself or of someone in his behalf, who has knowledge of the particular facts relied on, to constitute an "impeachment" of the note sued on for want of consideration, when want of consideration is pleaded as a defense. This is so because under the statutes of this State consideration for negotiable notes is presumed (Section 6784, C. G. L., 4698, R. G. S.), while under Section 6788, C. G. L., 4702, R. G. S., failure of consideration is made a matter of defense against any person not a holder in due course, which matter of defense must, under Section 4330 C. G. L., 2664 R. G. S., be pleaded by the defendant in the form of an "impeachment under oath" of the negotiable note for want of consideration.

In this case the consideration for the note sued on was not "impeached" under the defendant's oath, in the manner and form required by the statute. Therefore a consideration for that note must be presumed under Section 6784 C. G. L., *supra,* as against an ordinary plea of failure of consideration sworn to by defendant's attorney only as a mere matter of verification of the plea. Failure to impeach the consideration under oath accordingly put the bur-.

den of proving the plea of failure of consideration on the defendant as a matter of affirmative defense. This burden, in this case, was not met by defendant, in whose favor the verdict was rendered, therefore the Court was not in error in granting the plaintiff a new trial. The order granting a new trial is therefore affirmed and the cause remanded for further appropriate proceedings.

Affirmed and remanded.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J.; concur.