CARROLL, CHAS., Chief Judge.
Appellant, who was defendant below, seeks reversal of a judgment on a promissory note, which was entered against it in the amount of $13,175.13 plus attorney’s fees and costs in the circuit court in Dade County.
The defendant’s answer included a counterclaim asserting want of consideration. That defense, mistakenly included in the counterclaim, was entitled to be treated as though it had properly been set forth in the answer as an affirmative defense.[1]
The trial court granted plaintiff’s motion for judgment on the pleadings as to liability, *395 with the resultant effect of disregarding and eliminating the affirmative defense of want, or failure of consideration. That was done on the theory that section 52.08, Fla. Stat., F.S.A., which provides that in such a suit on a note the plaintiff is not required to prove consideration as a part of his affirmative case “unless the same shall be impeached by the defendant under oath,” operated to require want of consideration where asserted by defendant as an affirmative defense to be in the form of a sworn answer or defense. The trial judge concluded that if the defense of want of consideration was not sworn to it could not be availed of.
In so holding the learned trial judge was in error. Section 52.08, Fla.Stat, F.S. A., relieves the plaintiff in such an action of the burden of proving consideration except when confronted by a sworn denial thereof, but there is nothing in the statute which deprives a defendant from asserting want of consideration as an affirmative defense (by an answer not under oath) and assuming the burden of establishing such affirmative defense by a preponderance of the evidence. See Towles v. Azar, 112 Fla. 405, 150 So. 734.
 Thus the pleadings presented an issue relating to consideration on which the defendant had the burden of establishing a want of consideration by a preponderance of the evidence. On that record, judgment on the pleadings was improper. See Paradise Pools, Inc. v. Genauer, Fla.App.1958, 104 So.2d 860. Holding as we do, there is no need now to rule on other assignments of error. The judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
HORTON- and PEARSON, JJ., concur.

. Rule 1.8(d) of 1954 Fla.RuIes of Civil Procedure, 30 F.S.A. so provides. The rule is as follows: “(d) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and *395 award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim, or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.” See Moore, Federal Practice, § 8.27 [3J (2d ed.1948).