PER CURIAM.
This appeal,[1] is from an order granting the appellees a new trial upon the ground that the court’s instruction to the jury on the burden of proof as to the forgery of a negotiable instrument was erroneous.
The appellant instituted suit on a cashier’s check issued by the appellee bank to the appellee August. Appellant’s complaint alleged that he lawfully came into possession of said cashier’s check for value as a holder in due course, said check being endorsed by the appellee August and given to the appellant. He further alleged that he endorsed said check and deposited same in the Pan American Bank of Miami and subsequently was notified by said bank that the appellee bank had stopped payment on its cashier’s check. The appellees contended in their answers that appellee August’s signature as an endorsement on the cashier’s check was a forgery and further denied that the appellant came into lawful possession of the check for value as a holder in *495 due course. Upon these issues, the cause came to trial before a jury, and upon the termination of all the evidence, the court instructed the jury, inter alia, that with respect to the affirmative defenses raised by August, such as the defense of forgery, the burden of proof of such defense was upon the appellee August. The jury, upon these and other instructions, returned a verdict in favor of the appellant, and upon motion of the appellees, the court granted a new trial.
The appellant urges here that the court’s instructions were correct and that the motion for new trial should have been denied. This contention appears to be based upon the appellant’s assumption that such a defense is one of those affirmative defenses covered by rule 1.8(d) of the Florida Rules of Civil Procedure, 30 F.S.A., and as such, would be required to be sustained by the defendant. We think the . appellant’s argument overlooks the fact that he must recover on the strength of the case made in his own complaint, namely, that he was a holder in due course for value of a negotiable instrument. This allegation was denied. It was further urged in support of the denial of this allegation that the reason he was not a holder in due course of the instrument was that the signature of August was forged. This being the procedural posture of the case that went to making up the issues, we conclude, as did the able trial judge, that it was incumbent upon the appellant, when the rights of the appellant as a holder in due course were put in issue, to come forward and show he was a lawful holder in due course for value. See Britton, Bills and Notes, page 562, § 129, and 8 Am.Jur., Bills and Notes, § 996.
Section 674.25, Fla.Stat., F.S.A., which is similar to the provisions of § 23 of the Uniform Negotiable Instruments Act, merely declares that a forged or unauthorized signature is inoperative and does not deal affirmatively with the question of burden of proof. Clearly § 674.27, Fla.Stat., F.S.A., raises a presumption of consideration. In an action on a note, the defense of want of consideration is usually treated as an affirmative defense and must be proven by the defendant, unless all consideration is impeached under oath as provided by § 52.08, Fla.Stat., F.S.A. See Towles v. Azar, 112 Fla. 405, 150 So. 734; Mayflower, Inc. v. Suskind, Fla.App.1959, 112 So.2d 394.
There is no presumption that a signature appearing upon an instrument is genuine and the rule appears to be that the burden of proving the genuineness of the defendant’s signature is on the plaintiff where the defendant has, by a sufficient plea, denied that the signature is his. 5 U.L.A., § 23 and cases collected in note 223.
Accordingly, the order appealed is affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.

. § 59.04, Fla.Stat., F.S.A.