BARKDULL, Judge.
Appellant, plaintiff below, seeks review of a final summary judgment for the appel-lees wherein the judge held there was “no consideration paid to the defendants by the plaintiff in consideration of the note sued upon.”
The appellees applied to the bank for a loan for the purpose of building a swimming pool and a fence at their home property. To achieve this end, on March 17, 1960 the appellees executed a promissory note in the principal sum of $3,333.00 and, on March 18, 1960 the bank issued their check made payable to Sandville Smith, Anne Smith and Holiday Pools of Miami, Inc., and delivered it to Holiday Pools of Miami, Inc., who cashed the check. The appellees commenced to make payments on the promissory note and made the payments of $55.55 per month from April 29, 1960 until January 29, 1961, .at which time they refused to pay that installment or any future installments. The .appellant elected to accelerate the future installments and brought the instant action for the balance of the note and attorney’s fees allowed by the note.
Appellees, in defense of this action, alleged lack of consideration in their unsworn answer. Where the defendant, in a suit on a note, fails to impeach consideration under oath he has the burden of proving the alleged lack of consideration. Towles v. Azar, 112 Fla. 405, 150 So. 734; § 52.08, Fla.Stat, F.S.A. The record does not support the appellees’ contention or the lower court’s finding that the appellees had received no consideration for executing the promissory note.
A benefit to the promisor or a detriment incurred by the promisee may constitute consideration for a note. 4 Fla. Jur., Bills, Notes and Checks, § 52; 7 Am. Jur., Bills and Notes, § 233. It is clear in the instant case that the purpose of the loan was to secure payment of a swimming pool the appellees contracted to be built on their property, and that said pool was in fact built and in use. The contractor had been paid according to the expressed purpose of the loan application and the appellees have made nine installment payments in accordance with the agreement contained in the promissory note on which this action is based. The appellees have received a benefit for executing the promissory note, namely the swimming pool constructed on their property, and their debt to the contractor has been discharged. The mere fact that there are some unspecified deficiencies in construction cannot constitute a failure of consideration for the execution of the note, but would be a basis for an action against the contractor on the construction contract.
Therefore, we find that the entry of the summary judgment by the trial judge in favor of the appellees was in error and reverse and remand the cause for further proceedings not inconsistent with this opinion.
Reversed and remanded.