HENDRY, Judge.
Plaintiff brought action against defendant, executrix of the Estate of Harry W. Link, Jr., deceased, seeking recovery on a promissory note allegedly executed by decedent. Defendant answered, not under oath, denying execution of the note and alleging failure and want of consideration.
Plaintiff moved for summary judgment with a supporting affidavit made by plaintiff himself, payee of the note. Defendant filed no opposing affidavits. There is disagreement between the parties as to whether or not the original note was introduced at the hearing below; appellants contend that it was not while the appellees contend that it was. Our search of the record does not disclose that it was introduced.
From an order granting plaintiff’s motion for summary judgment, defendant takes this appeal. We find error and reverse. Defendant’s denial of execution of the note put the burden of proving its execution on plaintiff.[1] Plaintiff’s evidence, consisting of his own affidavit, and the original note which we have been unable to find is insufficient in law to warrant summary judgment in his favor. Assuming the original note was introduced, there is no presumption that a signature appearing on an instrument is genuine, and where execution is, by proper, plea denied, plaintiff must then prove genuineness.[2]
Plaintiff’s proof, consisting of his own affidavit, is inadmissible under provisions of section 90.05 F.S., F.S.A.
The judgment appealed is therefore reversed and cause remanded for further proceedings.
Reversed and remanded.

. Knight v. Knight, 9 Fla. 283 (1860); Barnes v. Boulevard National Bank of Miami, Fla.App.1960, 124 So.2d 494.

. Barnes v. Boulevard National Bank of Miami, supra note 1.