WIGGINTON, Judge.
Appellants have appealed a summary final decree rendered in favor of appellees in a suit brought for the purpose of foreclosing a defaulted mortgage owned by them and allegedly executed by appellants’ decedent. It is contended that a genuine issue of fact as to the proper execution of the mortgage was raised by the pleadings, and no competent evidence relating to this issue was offered by the appellees in support of their motion for summary final decree. Under the circumstances appellants contend that the chancellor erred in granting appellees’ motion and in rendering the decree appealed.[1]
The complaint filed by appellees alleges that they are the owners by assignment of a note and mortgage executed by appellants’ decedent, which mortgage was duly recorded in the public records of St. Johns County. Appellants’ answer to the complaint admits that their decedent signed the note and mortgage sued upon but denies that the mortgage was properly executed and witnessed as required by law. Appellees thereafter filed their motion for summary final decree to which they attached as exhibits the original recorded mortgage and promissory note described in their complaint. In support of their motion ap-pellees tendered their affidavit averring, among other things, that they were the owners and holders of the note and mortgage attached as exhibits to their motion for summary final decree which note and mortgage had been duly executed by appellants’ decedent and delivered to appel-lees’ assignor. No opposing affidavits denying the execution of the note and mortgage in question were filed by appellants, or by anyone acting in their behalf.
It is appellants’ position that the answer filed by them created a genuine issue of fact as to whether the note and mortgage sued on were properly executed as required by law. With this position we agree. Appellants further contend that under the rule of procedure relating to summary judgments and decrees, affidavits submitted in support or in opposition to motions filed pursuant to the rule must set forth such facts as would be admissible in evidence. With this contention we likewise agree.[2] Lastly, appellants argue that the averments contained in appellees’ affidavit by which they state of their own knowledge that appellants’ decedent executed and delivered the note and mortgage sued upon constitutes evidence which would be inadmissible at the trial under Section 90.05, Florida Statutes, F.S.A., popularly referred to as the “Dead Man’s Statute.” With this argument we are also in full agreement because such testimony would relate to a transaction by appellees with a person now deceased in this suit brought against such deceased person’s heirs and personal representative.[3] If nothing else appeared in this case other than the contentions of appellants as set forth above, we would be inclined to hold that the chancellor erred in granting the summary final decree appealed. Such, however, is not the case.
As noted above, appellees attached as exhibits to their motion for summary final *8 decree the original promissory note and mortgage sued upon. The mortgage reveals that it was duly recorded in the records of St. Johns County promptly following its execution. The mortgage contains a verbatim copy of the promissory note, payment of which the mortgage secures.
Section 21, Article 16 of the Florida Constitution, F.S.A., provides as follows:
“Deeds and mortgages which have been proved for record and recorded according to law, shall be taken as prima facie evidence in the courts of this State without requiring proof of the execution. A certified copy of the record of any deed or mortgage that has been or shall be duly recorded according to law shall be admitted as prima facie evidence thereof, and of its due execution with like effect as the original duly proved; Provided, It be made to appear that the original is not within the custody or control of the party offering such copy.”
In commenting upon the above-quoted section of our Constitution the Supreme Court, in the case of Atlantic Land & Improvement Co. v. Lee,[4] said:
“ * * * The purpose of the organic provision is to make original deeds and mortgages, that have been duly proved for record and duly recorded, admissible as prima facie evidence in the courts of this state, without requiring proof of the execution of the instrument * * *. ‘Prima facie evidence is such as in the judgment of the law is sufficient to establish the fact, and, if unrebutted, remains sufficient for that purpose.’ * * * ”
From the foregoing authorities it appears that the submission in evidence by appellees of the original recorded mortgage constituted prima facie evidence of its due and proper execution, which fact is sufficiently established by operation of law to support the motion for summary final decree in the absence of any contradictory proof. This being so, the averments of appellees’ affidavit purporting to state facts which would be inadmissible under the dead man’s statute may be treated as surplusage. Proof that the mortgage sued upon was made a matter of record was sufficient to carry the burden of establishing the absence of any genuine issue of fact relating to the proper execution of the mortgage. For the reasons stated, it is our view that the chancellor correctly granted appellees’ motion, and the summary final decree appealed herein is affirmed.
During the pendency of this appeal, but before oral argument, appellant Ginn filed in the cause a suggestion of incompetency. The suggestion alleges that at the time of the institution of this suit, and at all times thereafter, Ginn was a legally adjudged incompetent whose sanity has not been restored, and for whom no guardian has ever been appointed, nor was a guardian ad litem appointed to represent his interests in this litigation. As a consequence of the foregoing, Ginn requests that our disposition of this appeal be without prejudice to his right to seek relief from the final decree by appropriate proceedings in the trial court upon the going down of our mandate. Such permission is granted and our judgment herein is without prejudice to the right of Ginn to pursue such further remedies to which he may deem himself entitled.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Langley v. New Deal Cab Company (Fla.App.1962), 138 So.2d 789.

. Rule 1.36(e), Florida Rules of Civil Procedure, 30 F.S.A. Food Fair Stores, Inc. v. Trusell (Fla.1961), 131 So.2d 730.

. Link v. Patterson (Fla.App.1965), 175 So.2d 213.

. Atlantic Land & Improvement Co. v. Lee, 93 Fla. 579, 112 So. 549, 551.