CARROLL, Judge.
This is an action on a promissory note, filed in the circuit court in Dade County by the appellant Chase Manhattan Bank claiming as a holder in due course, against the maker. The defendant filed an unsworn answer, admitting execution of the note and pleading want of consideration.
Before trial the defendant moved for summary judgment. In support of the motion the defendant made and filed two affidavits, one of which stated that no consideration was received for the note. The motion was denied.
At trial the plaintiff produced the note, the execution of which had been admitted, but made no attempt to prove consideration. The defendant moved for a directed verdict. It was granted and judgment was entered for the defendant. The plaintiff then took this appeal.
Section 52.08, Fla.Stat., F.S.A., entitled, “Actions upon negotiable and other instruments; consideration, etc.,” provides, with reference to actions on such instruments, “ * * * and it shall not be necessary for the plaintiff in any suit upon an instrument assignable by law to set forth in the complaint the consideration upon which the instrument was given, or upon which such assignment or endorsement was made, nor to prove such consideration or the execution of such instrument, unless the same shall be impeached by the defendant under oath.”
Under that statute it is clear that if the answer of the defendant which denied consideration had been under oath, it would have been incumbent upon the plaintiff, in order to make a prima facie case at trial, to prove consideration. The determinative question here, where the answer denying consideration was not sworn to, is whether the filing by defendant, in support of his motion for summary judgment, of an affidavit stating the absence of consideration, was an impeachment of consideration by the defendant under oath within the meaning and contemplation of § 52.08 such as to require the plaintiff, as a part of his affirmative case, to prove consideration.[1]
The record discloses that the reason or basis on which the trial court ruled the plaintiff had not made a prima facie case was that the plaintiff had not proved consideration. That ruling in turn was based on an incorrect assumption that the affidavit denying consideration which was filed with the (denied) motion for summary judgment, operated to place such burden on the plaintiff.
The sworn impeachment referred to in the statute has reference to the defensive pleading, and such was the holding of the Supreme Court in Towles v. Azar, 112 Fla. 405, 150 So. 734, and of this court in Mayflower, Inc. v. Suskind, Fla.App.1959, *711 112 So.2d 394. Thus, the defendant in an action upon such an instrument may deny consideration in a sworn answer (in which case under the statute the plaintiff must prove consideration), or the defendant may deny consideration in an unsworn answer (in which event the plaintiff is not required to prove consideration as a part of his affirmative case, and the defendant has the burden of proving his affirmative defense of want of consideration).
The procedural rights of the parties were fixed in this regard when the defendant, by an unsworn answer, pleaded want of consideration. In that state of the pleadings, when the matter came on for trial, it was not necessary for the plaintiff to prove consideration, and the burden of establishing the pleaded affirmative defense was on the defendant.
The affidavit in question was no part of the answer. Its office was to support the defendant’s motion for summary judgment. An additional reason why such affidavit did not invoke the statute is that its efficacy was lost when the motion for summary judgment was denied. See Olin’s, Inc. v. Avis Rental Car System of Florida, Inc., Fla.1958, 104 So.2d 508, 510; McSwiggan v. Edson, Fla.1966, 186 So.2d 13, where it was held that evidentiary matter or even admissions in a motion were rendered ineffective when it was denied, for the reason that when denied the motion is to be considered as “dropped out of the case” leaving the record “in the same shape as it would have been if no [such pleading] had been filed.” In the instant case the trial court was in error in concluding that the plaintiff was under a necessity to prove consideration as part of its affirmative case.
Accordingly, for the reasons stated, we hold it was error to grant a directed verdict in favor of the defendant at the close of the presentation of the evidence of the plaintiff. The judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.

. It was brought out at the trial that the plaintiff was not a holder in due course, having acquired the note after maturity. That feature was not material in considering the requirements of the stit-ute. The note was a negotiable instrument, and its transfer after maturity amounted to an assignment thereof. The statute applies to such instruments when so assigned.