### BENEFICIAL FINANCE CO. v. DYER, et ux.
No. 2096.

Circuit Court, Dade County, Civil Appeal.

October 28, 1966.

Richard Essen of Essen & Essen, Miami, for appellants.

Blackwell, Walker & Gray and Feibelman & Friedman, all of Miami, for appellees.

RALPH O. CULLEN, Circuit Judge.

The court has reviewed the entire record in this case, heard the briefs and heard argument of counsel.

The plaintiff-appellee filed its action in the small claims court to recover upon a promissory note executed by the defendant-appellants.

Defendants below appeal from a final judgment for the balance due upon their promissory note, entered by reason of lack of prosecution on the part of defendants.

Defendants filed their counterclaim for slander and claimed damages in excess of $5,000. This counterclaim, in the opinion of this court, failed to state a cause of action.

By separate count, the counterclaim also pleads the affirmative defense of failure of consideration as to the defendant Barbara Dyer. Every maker of a note is presumed to have become a party thereto for value. §674.27, Florida Statutes. As this plea was not sworn to, plaintiff was relieved from the burden of proving consideration. Mayflower, Inc. v. Suskind, 112 So.2d 394.

Defendants urge as error the failure of the court below to grant their motion to transfer the cause by reason of the lack of jurisdiction of the court below because they had counterclaimed for a sum in excess of $5,000. The motion to transfer was not ruled upon, if called up for hearing. It is settled that a court of limited jurisdiction, prior to transferring a claim in excess of its jurisdiction, is authorized to determine whether the counterclaim alleges an enforceable claim. Platt v. Keneo Chemical Co., 132 So.2d 27. The court does not find that the court below committed error.

The premises considered, it is ordered that the final judgment entered by the court below is affirmed.