PEARSON, Judge.
The appellant was the plaintiff in a suit to foreclose two mortgages. Each mortgage was upon a separate parcel of land in Dade County, Florida. The appellees answered alleging a defense of failure of consideration to the notes evidencing the debt secured by the mortgages. The affirmative defense was asserted in an unsworn answer. After trial, the court entered a judgment for the defendants-appellees upon the ground “the plaintiff has failed to carry the necessary burden of proof raised by the plea of failure of consideration.” We affirm.
The appellant had sold her restaurant in Atlanta, Georgia, to the appellees for the approximate price of $16,500.00. The sum was paid in part by two notes which were secured by the mortgages mentioned above. At the trial, the appellant testified as to the sale of the restaurant and the giving of the mortgages. The instruments were introduced into evidence and the appellant rested. Appellee Harold N. Walbek testified at length concerning misrepresentations as to the sale of the restaurant, the physical condition of the equipment and the legal status of the lease. The appellees further claimed a loss of business because the appellant failed to perform according to the terms of the agreement. In addition, proof was produced that the appellant’s husband had reentered the premises through a distress proceeding and sold the furniture therein. The appellant did not offer evidence to rebut the appellees’ evidence on this issue.
We note at this point that the decisions in this case are based upon the law as it existed in this State prior to the effective date of the adoption of the Uniform Commercial Code. We will not extend this opinion by a discussion of the applicable sections of the Negotiable Instrument Law as it existed prior to January 1, 1967.
*489 It is clear that a defendant to a suit upon a promissory note, even though the note is under seal, may assert want of consideration as an affirmative defense (by an answer not under oath) and then assume the burden of establishing the defense by a preponderance of the evidence. Towles v. Azar, 112 Fla. 405, 150 So. 734, (1933); Mayflower, Inc. v. Suskind, Fla. App.1959, 112 So.2d 394. As to burden of proof, see Florida Nat. Bank & Trust Co. of Miami v. Brown, Fla.1949, 47 So.2d 748. As to facts necessary to establish lack of consideration, see Beutel’s Brannan, Negotiable Instrument Law, 7th Ed., § 25, p. 490.
We find that the record adequately supports the finding of the trial judge.
Affirmed.