342 So.2d 1026 (1977)
AMERICAN HOUSING SYSTEMS CORP., Appellant,
v.
COUNTRY CLUB OF MIAMI CORPORATION, Appellee.
No. 76-356.
District Court of Appeal of Florida, Third District.
February 15, 1977.
Rehearing Denied March 23, 1977.
*1027 Howard R. Hirsch, Miami Beach, for appellant.
Guy B. Bailey, Jr., Miami, for appellee.
Before HAVERFIELD and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This case is an appeal from a judgment of $263,104.57 on a promissory note entered on the pleadings in favor of the plaintiff, Country Club of Miami, in the Circuit Court of Dade County. The defendant, American Housing Systems, appeals.
The issue presented is whether a judgment on the pleadings lies in favor of a plaintiff in a suit on a promissory note where the defendant in his answer denies default on the note and sets up certain affirmative defenses of duress and lack of consideration. We hold that such a judgment on the pleadings does not lie and reverse.
Country Club of Miami brought suit in the Circuit Court of Dade County on a promissory note. It alleged in its complaint in count I that American Housing Systems had executed the note in its favor and thereafter had defaulted thereon. American Housing Systems filed an answer admitting that it had executed the note, but denying all other allegations in the complaint including allegations of default on the note. In addition, American Housing Systems set up the affirmative defense of lack of or failure of consideration. The answer also included a counterclaim asserting in detailed fashion that the note in question had been given under duress. That defense, mistakenly included in the counterclaim, was entitled to be treated as if it had been properly set forth in the answer as an affirmative defense. Fla.R. Civ.P. 1.110(d); Mayflower v. Suskind, 112 So.2d 394 (Fla.3d DCA 1959). Country Club of Miami filed a reply denying and moving to strike the affirmative defense of no consideration and failure of consideration.
Based solely on the above pleadings, Country Club of Miami made a motion for judgment on the pleadings which it orally confined to count I of the complaint when the motion was heard in the court below. Fla.R.Civ.P. 1.140(c). The lower court granted the motion. On appeal, American Housing Systems contends that it was error to enter such a judgment on this state of the record. We agree.
*1028 The moving party on a motion for judgment on the pleadings admits for purposes of the motion the facts well pleaded by his adversary despite their denial by the movant; the movant also admits the untruth of his own allegations which have been denied by his adversary. Falick v. Sun N Sea, 81 So.2d 749 (Fla. 1955); Greater Miami Telephone Answering Service v. A-1 Answering Service, 141 So.2d 619 (Fla.3d DCA 1962). Judgment on the pleadings lies only if on the facts so admitted the moving party is entitled to judgment. Miller v. Eatmon, 177 So.2d 523 (Fla.1st DCA 1965).
In the instant case, Country Club of Miami was obliged to admit for purposes of its motion for judgment on the pleadings that American Housing Systems had executed a promissory note in favor of Country Club of Miami, that American Housing Systems had not defaulted on that note, and that the note was given under duress and without consideration. Country Club of Miami was clearly not entitled to judgment on these facts and the motion for judgment on the pleadings should have been denied. Mayflower v. Suskind, 112 So.2d 394 (Fla.3d DCA 1959).
Country Club of Miami both in the court below and before this court seeks to go outside the pleadings and assert that American Housing Systems gave the promissory note herein in settlement of a prior lawsuit, that American Housing Systems has thereafter defaulted on the note, and the American Housing System may not now assert the affirmative defenses of duress or lack of consideration against a suit on the note. We express no opinion on the validity of such contentions as they are based on matters outside the pleadings and are not properly before the court on a motion for judgment on the pleadings.
We further reject Country Club of Miami's contention that counsel for American Housing Systems waived his affirmative defenses and conceded liability on the note in the court below. Such a contention is not supported by the record.
The judgment below is reversed and the cause remanded for proceedings not inconsistent with this opinion.